# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0309V
UNPUBLISHED

| | |
|---|---|
| KATHRYN OAKS and LUKE OAKS, on behalf of R.O., a minor child,<br><br>      Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: August 10, 2020<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Measles Mumps Rubella (MMR) Vaccine; Thrombocytopenic Purpura (ITP) |

*Diana Lynn Stadelnikas, Maglio Christopher & Toale, PA,* Sarasota, FL, for Petitioners.

*Kyle Edward Pozza,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On February 27, 2019, Kathryn Oaks and Luke Oaks filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] Petitioners allege that R.O. suffers from immune thrombocytopenia purpura as a result of a measles, mumps, rubella, and varicella vaccine administered to R.O. on August 15, 2016. *See generally* Petition. Petitioners further allege that R.O.'s injuries have lasted more than six months. Petition at 4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 23, 2019, a ruling on entitlement was issued, finding Petitioners entitled to compensation. On August 10, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioners should be awarded a total of $176,500.00 representing $150,000.00 of compensation for pain and suffering, and $11,500.00 for

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

past out-of-pocket expenses, and $15,000.00 for future out-of-pocket expenses related to R.O.'s future medical care. Proffer at 2. In the Proffer, Respondent represented that Petitioners agree with the proffered award. *Id.* Based on the record as a whole, I find that Petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioners the following:**

A. **A lump sum payment of $<u>150,000.00,</u> representing compensation for pain and suffering, in the form of a check payable to Petitioner(s) as guardian/conservator of R.O., for the benefit of R.O. No payment shall be made until Petitioners provides Respondent with documentation establishing that he or she has been appointed guardian/conservator of R.O.**

B. **A lump sum payment of $<u>26,500.00</u> representing compensation for past and future out-of-pocket expenses in the form of a check payable to Petitioners.**

These amounts represent compensation for all damages that would be available under § 15(a). The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| KATHRYN OAKS and LUKE OAKS, on behalf of R.O., a minor child, Petitioners, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | No. 19-309V Chief Special Master Brian H. CorcoranECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On May 23, 2019, respondent filed a Rule 4(c) Report conceding that petitioners are entitled to vaccine compensation on behalf of minor R.O., for R.O.'s immune thrombocytopenia purpura ("ITP") suffered following receipt of a measles, mumps, rubella, and varicella ("MMRV") vaccine on August 15, 2016. On May 23, 2019, the Court issued a Ruling on Entitlement, adopting respondent's recommendation. Respondent now proffers the following regarding the amount of compensation to be awarded, which encompass all elements of damages petitioner would be entitled to under 42 U.S.C. § 300aa-15(a).[1]

### I. Compensation for Vaccine Injury-Related Items

#### A. Pain and Suffering

Respondent proffers that R.O. should be awarded $150,000.00 in actual and projected pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioners agree.

---

[1] Should R.O. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.

1

B. <u>Out of Pocket Expenses</u>

Respondent proffers that petitioners should be awarded $11,500.00 for past out of pocket expenses, and $15,000.00 for future out of pocket expenses related to R.O.'s future medical care. *See* 42 U.S.C. § 300aa-15(a)(1).  Petitioners agree.

**II.     Form of the Award**

The parties recommend that the compensation provided to R.O. and petitioners should be made through lump sum payment as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:

A.  A lump sum payment of $150,000.00 representing compensation for pain and suffering, in the form of a check payable to petitioner(s) as guardian/conservator of R.O., for the benefit of R.O.  No payment shall be made until petitioner provides respondent with documentation establishing that he or she has been appointed guardian/conservator of R.O.

B.  A lump sum payment of $26,500.00 representing compensation for past and future out of pocket expenses in the form of a check payable to petitioners.

**III.    <u>Guardianship</u>**

No payments shall be made until petitioners provide respondent with documentation establishing that he/she has been appointed as the guardian/conservator of R.O.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of R.O., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian/ conservator of R.O. upon submission of written documentation of such appointment to the Secretary.

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*/s/* Kyle E. Pozza_____
KYLE E. POZZA
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Phone: (202) 616-3661
Kyle.Pozza@usdoj.gov

Dated: August 10, 2020

3