# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-309V
(not to be published)

| | |
|---|---|
| KATHRYN OAKS and LUKE OAKS, on behalf of R.O., a minor child,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: February 25, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Diana Lynn Stadelnikas*, Maglio Christopher & Toale, PA, Sarasota, FL, for Petitioner.

*Kyle Edward Pozza*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 27, 2019, Kathryn Oaks and Luke Oaks filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] Petitioners allege that R.O. suffers from immune thrombocytopenia purpura as a result of a measles, mumps, rubella, and varicella vaccine administered to R.O. on August 15, 2016. (*See generally* Petition). On August 10, 2021, a decision was

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 49).

Petitioner has now filed a motion for attorney's fees and costs, dated February 9, 2021 (ECF No. 54), requesting an award of $99,756.32 (representing $80,064.80 in fees and $19,691.52 in costs). Petitioner is also requesting attorney fees incurred by the Law Office of Dane Norman, PLLC in the amount of $10,338.05 and for fees incurred by Payne, Powell & Truit – Law Group, in the amount of $750.00. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. (ECF No. 54-5). Respondent did not file a response.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). **Accordingly, petitioner is awarded the total amount of $110,844.37[3] as follows:**

- **A lump sum of $99,756.32, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and Petitioner's counsel;**

- **A lump sum of $10,338.05, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and the Law Office of Dane Norman, PLLC;**

- **A lump sum of $750.00, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and Payne, Powell, & Truitt – Law Group; and**

- **Petitioner request checks be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.